PER CURIAM:
David Nagel appeals the district court’s denial of his habeas corpus petition. Nagel has been in a state institution since he was found not guilty by reason of insanity of the murders of his grandparents in 1981 and subsequently civilly committed. After approximately ten years of confinement, Nagel filed an application for release in a state superior court. The superior court held a hearing at which two doctors, a psychiatrist and a psychologist, testified that Nagel did not meet the criteria for civil commitment because he was neither mentally ill nor imminently dangerous. The doctors also testified on cross-examination that they believed that Nagel had probably not ever been mentally ill, and that his acquittal was in error. No other evidence regarding Nagel’s mental status was presented. The superior court subsequently denied Nagel’s petition for release based wholly on the presumption of continuing insanity.
Nagel appealed to the Georgia Supreme Court, which found that the superior court had failed to weigh the evidence against the presumption of insanity, and remanded the case for specific findings of fact and conclusions of law. The superior court again denied Nagel’s release, finding that although the doctors’ testimony was “weighty,” it did not balance “against the seriousness of the petitioner’s acts, his history of violence, and the likelihood that his current stabilized condition will persist and that he will not return to his previous unstable and depraved state of mind.” The judge further found that there was insufficient evidence to show that Nagel’s stabilized condition would persist outside of a structured environment or “was persistent enough to conclude that he [wa]s no longer insane.”
The Georgia Supreme Court affirmed the superior court.[1] The state supreme court found that the superior court could have found that the medical experts’ testimony was not credible, and therefore was entitled *584 to no weight, due to their opinion that Nagel had never really been insane.
Nagel then filed this habeas corpus petition in federal district court, alleging that the experts’ testimony rebutted the presumption of continuing insanity and that the state court’s denial of his application for release amounted to an irrebuttable presumption. The district court denied the petition, finding that “[t]he state court had good reason to question the medical testimony presented by Petitioner.” The district court further found that “when weighed against the presumption of continuing insanity and other factors suggesting that Plaintiff [sic] had not recovered from his insanity, Petitioner’s evidence could reasonably be found to have come short of establishing that Petitioner is now sane.”
We have previously held that Georgia’s presumption of continuing insanity is lawful, and that Georgia may lawfully require the insanity acquittee to bear the burden of proof of sanity at the release hearing.[2] Here, Nagel did not meet his burden of proving his sanity. The condition that Nagel had' at the time of his trial was a condition that was factually, legally, and pragmatically a mental illness and insanity sufficient to affoi'd him a defense to murder. Georgia law presumes that condition remains the same unless the acquittee proves that it has changed. In testifying that Nagel is not now mentally ill and was never mentally ill, the experts testified that his condition remains unchanged. Therefore, Nagel has failed to carry his burden of showing that his condition has changed. We AFFIRM the district court’s denial of his habeas corpus petition.

. Nagel v. State, 264 Ga. 150, 442 S.E.2d 446 (1994).

. Benham v. Ledbetter, 785 F.2d 1480, 1491-92 (11th Cir.1986).